**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas E. Russell, ) | No. CV 11-01463-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| OneWest Bank, FSB; Deutsche Bank ) | |
| National Trust Company as Trustee for ) | |
| IndyMac INDX Mortgage Loan Trust ) | |
| 2006-AR31; Merrill Lynch Mortgage ) | |
| Lending, Inc.; Fairway Independent ) | |
| Mortgage Corp.; Shapiro, Van Ess & ) | |
| Sherman, LLP; Does 1-100, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The court has before us defendants' first motion to dismiss (doc. 11), plaintiff's response (doc. 14), defendants' motion to dismiss the amended complaint (doc. 16), plaintiff's response (doc. 18), and defendants' reply (doc. 20). We also have before us plaintiff's motion to remand (doc. 15), defendants' response (doc. 17), and plaintiff's reply (doc. 19). Defendants OneWest Bank, FSB ("OneWest"), Deutsche Bank National Trust Company as Trustee for IndyMac INDX Mortgage Loan Trust 2006-AR31, and Merrill Lynch Mortgage Lending, Inc. join in both motions to dismiss and the response to the motion to remand. Defendant Shapiro, Van Ess & Sherman ("Shapiro") also filed a motion to dismiss (doc. 26). We rule on Shapiro's motion without waiting for a response because the legal issues raised by this motion were necessarily considered in ruling on the motion to remand.

1    Plaintiff's first amended complaint asserts six causes of action: intentional
2 misrepresentation against Fairway Independent Mortgage Corp. ("Fairway"), consumer fraud
3 against Fairway, quiet title against all defendants except Fairway, breach of good faith and
4 fair dealing against OneWest, violation of A.R.S. § 33-420 against OneWest and Shapiro,
5 and negligent performance of an undertaking against OneWest.

# I

7    Plaintiff contends this court lacks subject matter jurisdiction because there is no
8 complete diversity between the parties, as he is an Arizona resident and defendant Shapiro
9 is an Arizona limited liability partnership. Plaintiff's state court complaint named Shapiro,
10 the trustee of plaintiff's mortgage, as a "third party not at fault." Defendants removed on the
11 basis of diversity. Plaintiff later amended his complaint to remove the "third party not at
12 fault" language. Defendants argue that because Shapiro was fraudulently joined, this court
13 has jurisdiction based on diversity.

14    Plaintiff's original complaint governs subject matter jurisdiction. His amended
15 complaint need not be considered because "jurisdiction must be analyzed on the basis of the
16 pleadings filed at the time of removal without reference to subsequent amendments." Sparta
17 Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998). See
18 also Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir. 2006) ("the propriety
19 of removal is determined solely on the basis of the pleadings filed in state court. . . . post-
20 removal pleadings have no bearing on whether the removal was proper"). As a result, it is
21 the complaint naming Shapiro "third party not at fault" which controls this issue.

22    "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action
23 against a resident defendant, and the failure is obvious according to the settled rules of the
24 state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811
25 F.2d 1336, 1339 (9th Cir. 1987). We may find fraudulent joinder "[o]n the basis of the
26 complaint alone." Id. In this case, plaintiff failed to state a cause of action against Shapiro
27 in his original complaint. Therefore, Shapiro is a fraudulently joined party.

28    Plaintiff argues that Shapiro is an indispensable party, but this contention also fails.

1    Under A.R.S. § 33-807(E),

> [t]he trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust. . . . If the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee.

The complaint does not allege that Shapiro breached statutory duties or any duties under the deed of trust. Moreover, "[a]ny order of the court entered against the beneficiary is binding upon the trustee with respect to any actions that the trustee is authorized to take by the trust deed or by this chapter." A.R.S. § 33-807(E). Any order against OneWest or another beneficiary is thus binding upon Shapiro. Because Shapiro must be dismissed under this statute, there is complete diversity between the parties. Because subject matter jurisdiction exists, we will deny the motion to remand.

## III

Plaintiff fails to state a claim for quiet title under A.R.S. § 12-1102 because he neither possesses title to the property nor shows a readiness to pay off his loan. A complaint for an action to quiet title must include facts showing that the plaintiff actually possesses title. Verde Water & Power Co. v. Salt River Valley Water Users' Ass'n, 22 Ariz. 305, 307, 197 P. 227, 227-28 (1921). Plaintiff "executed a promissory note for the amount borrowed, which was secured by the deed of trust." First Amended Complaint at 3-4. In Arizona, a deed of trust passes legal title to the trustee. A.R.S. § 33-801(8); Brant v. Hargrove, 129 Ariz. 475, 481, 632 P.2d 978, 984 (Ct. App. 1981). Therefore, the facts alleged show that plaintiff, as trustor, does not hold title to the property. In addition, plaintiff has not paid off his mortgage loan or shown that he is ready, willing, and able to do so. If an unsatisfied balance is due to a trustee, "the court will not quiet the title until and unless [plaintiff] pays off such mortgage lien." Farrell v. West, 47 Ariz. 490, 491, 114 P.2d 910, 911 (1941). As a result, plaintiff has not adequately pled the elements of a quiet title action.

## VI

Plaintiff's next claim for relief is premised on a breach of good faith and fair dealing by OneWest. He explicitly says that his claim arises out of the contractual obligations set

- 3 -

forth in the deed of trust and the note. However, OneWest was not a party to the deed of trust or the note. All his allegations relate to the loan modification process, which began on November 20, 2009 and continued through December, 2010. First Amended Complaint at 18-20, ex. I at 3-4. Throughout this time, OneWest was a servicing agent. The beneficial interest in plaintiff's note was assigned to OneWest on or about March 16, 2011, with an effective date of March 10, 2011. Id., ex. B. Because no contractual relationship existed between plaintiff and OneWest before this time, there was no implied covenant of good faith and fair dealing between the parties. Rawlings v. Apodaca, 151 Ariz. 149, 153, 726 P.2d 565, 569 (1986). Plaintiff cannot assert a claim for breach of the implied covenant of good faith and fair dealing against OneWest.

## VII

Plaintiff alleges a violation of A.R.S. § 33-420 by defendants OneWest and Shapiro. He contends the assignment of the deed of trust, notice of substitution of trustee, and notice of trustee's sale were recorded with false statements. A claim will lie under this statute against "[a] person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid . . ." A.R.S. § 33-420(A).

Plaintiff is neither involved with nor affected by the assignment and substitution. As a result, he cannot demonstrate a concrete and particularized injury and therefore lacks standing to challenge the validity of the assignment. See In re Mortgage Electronic Registration Systems (MERS) Litig., MDL Docket No. 09-2119-JAT, 2011 WL 4550189, at *5 (D. Ariz. Oct. 3, 2011). Moreover, this statute applies only to "some sort of document purporting to create an interest, lien, or encumbrance, such as a lis pendens, mechanics lien, or the deed of trust itself. . . . The Court could locate no authority applying this statute to assignments of mortgages and notices of trustee's sales." Schayes v. Orion Fin. Group, Inc., No. CV-10-02658-PHX-NVW, 2011 WL 3156303, at *6 (D. Ariz. July 27, 2011). There can

be no claim for a violation of A.R.S. § 33-420 based on these documents.

## VIII

Plaintiff's last claim is against OneWest for negligent performance of an undertaking. Arizona applies the Good Samaritan doctrine in § 323 of the Restatement (Second) of Torts (1965). Thompson v. Sun City Community Hosp., Inc., 141 Ariz. 597, 608, 688 P.2d 605, 616 (1984).

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
> (a) his failure to exercise such care increases the risk of such harm, or
> (b) the harm is suffered because of the other's reliance upon the undertaking.

Restatement (Second) of Torts § 323 (1965).

The Arizona Supreme Court has not extended this theory beyond its express limitation to physical harm. To do so would greatly transform the law of contracts. We decline to do so. As plaintiff has not pled any physical harm, his claim for negligent performance of an undertaking is dismissed.

## IX

**IT IS ORDERED DENYING** plaintiff's motion to remand (doc. 15).

**IT IS ORDERED GRANTING** Shapiro's motion to dismiss (doc. 26).

**IT IS ORDERED GRANTING** defendants' motion to dismiss counts three through six of the first amended complaint against defendants OneWest, Deutsche Bank National Trust Company as Trustee for IndyMac INDX Mortgage Loan Trust 2006-AR31, and Merrill Lynch Mortgage Lending, Inc. (Doc. 16). This leaves counts one and two against defendant Fairway as the only remaining claims.

**IT IS ORDERED DENYING** defendants' first motion to dismiss (doc. 11) as moot.

DATED this 20th day of October, 2011.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge