**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Thomas E. Russell, | No. CV 11-01463-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| OneWest Bank, et al., | |
| Defendants. | |

We have before us plaintiff's motion to reconsider (doc. 33). In our October 20, 2011 order (doc. 30), we dismissed all of plaintiff's claims except those against defendant Fairway Independent Mortgage Company. Under LRCiv 7.2(g), a court should deny a motion for reconsideration "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence."

Plaintiff claims that we incorrectly interpreted Verde Water & Power Co. v. Salt River Valley Water Users' Ass'n, 22 Ariz. 305, 197 P. 227 (1921). However, plaintiff fails to cite any legal authority suggesting that this precedent has been overturned. See also Eason v. IndyMac Bank, FSB, No. CV 09-1423-PHX-JAT, 2010 WL 4573270, at *2 (D. Ariz. Nov. 5, 2010) (rejecting a similar argument). Similarly, plaintiff provides no authority that Farrell v. West, 57 Ariz. 490, 114 P.2d 910 (1941) has been overruled, and therefore gives us no reason to reconsider our decision.

Plaintiff asserted a claim for breach of good faith and fair dealing, expressly arising

out of contractual obligations in the deed of trust and the note. We dismissed this claim because defendant OneWest Bank, FSB ("OneWest") was not a party to either contract. Plaintiff's contention that bad faith is a tort, and that OneWest was part of a joint venture, fails, among other things, to respond to the fundamental reality that the covenant of good faith and fair dealing is inherent in a <u>contract</u>, absent which there is no such covenant.

A.R.S. § 33-420 provides a cause of action against "[a] person purporting to claim an interest in, or a lien or encumbrance against, real property," who falsely records a document asserting such a claim. Plaintiff's motion for reconsideration contends that the assignment of the deed of trust asserts an interest in real property, and relies on briefs recently filed in another case. This does not meet the standard to grant a motion for reconsideration.

The Restatement (Second) of Torts § 323 (1965) mentions physical harm only. The Arizona Supreme Court recognizes that there is no "general duty to exercise reasonable care for the purely economic well-being of others, as distinguished from their physical safety or the physical safety of their property." <u>Lips v. Scottsdale Healthcare Corp.</u>, 224 Ariz. 266, 268, 229 P.3d 1008, 1010 (2010). Since the Arizona Supreme Court has not extended the Good Samaritan doctrine to purely economic harm, no binding authority exists to suggest otherwise.

Accordingly, **IT IS ORDERED DENYING** plaintiff's motion for reconsideration. (Doc. 33).

DATED this 15th day of November, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge