**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Thomas E. Russell, | ) | No. CV 11-01463-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| OneWest Bank, FSB, et al., | ) | |
| Defendants. | ) | |

We have before us plaintiff's motion for order restraining sale of residential real property (doc. 67) and defendants' response (doc. 70). A trustee's sale of plaintiff's home is scheduled for May 2, 2012. Plaintiff seeks a preliminary injunction under Rule 65(a), Fed. R. Civ. P., preventing the sale.

On October 20, 2011, we denied plaintiff's motion to remand and granted Shapiro, Van Ess & Sherman's motion to dismiss (doc. 30). In the same order, we granted the motion to dismiss of defendants OneWest Bank, FSB, Deutsche Bank National Trust Company as Trustee for IndyMac INDX Mortgage Loan Trust 2006-AR31, and Merrill Lynch Mortgage Lending, Inc. ("OneWest defendants"). We later denied plaintiff's motion for reconsideration (doc. 34) and entered final judgment in favor of the One West defendants (doc. 35). Pursuant to stipulation, the remaining party was dismissed on April 16, 2012 (doc. 66). Plaintiff filed a notice of appeal with the United States Court of Appeals for the Ninth Circuit on November 18, 2011 (doc. 36).

"Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." Natural Res. Def. Council v. Sw. Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001). But we "retain[] jurisdiction during the pendency of an appeal to act to preserve the status quo." Id. This rule applies where it is necessary to "supervise[] a continuing course of conduct and where as new facts develop additional supervisory action by the court is required." Hoffman v. Beer Drivers & Salesmen's Local Union No. 888, 536 F.2d 1268, 1276 (9th Cir. 1976). This exception has been codified in Rule 62(c), Fed. R. Civ. P., which allows us, while an appeal is pending from a final judgment that grants, dissolves, or denies an injunction, to "suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." This Rule "grants the district court no broader power than it has always inherently possessed to preserve the status quo during the pendency of an appeal." Natural Res. Def. Council, 242 F.3d at 1166. "It does not restore jurisdiction to the district court to adjudicate anew the merits of the case after either party has invoked its right of appeal and jurisdiction has passed to an appellate court." McClatchy Newspapers v. Central Valley Typographical Union No. 46, 686 F.2d 731, 734 (9th Cir. 1982).

Assessing plaintiff's motion under Rule 62(c), we conclude that an injunction is not appropriate here. Plaintiff's first amended complaint sought relief in the form of damages and a judgment that he owns the property in fee simple and defendants have no adverse interest in it. Seeking to quiet title is not equivalent to seeking injunctive relief. Our final judgment did not grant, dissolve, or deny an injunction. Moreover, an injunction is not necessary here to preserve the status quo. There is no continuing course of conduct which needs to be monitored. There are no new facts created by the parties as the days pass. Cf. Hoffman, 536 F.2d at 1276.

Jurisdiction over the judgment has passed to the appellate court, and no exceptions to this rule apply. No specific statutory authority allows us to retain jurisdiction over this case, and granting a preliminary injunction will not assist the court of appeals in the exercise of its jurisdiction. Davis v. United States, 667 F.2d 822, 824 (9th Cir. 1982).

1     Moreover, we note that to obtain an injunction under Rule 65(a), plaintiff must meet
2  the factors in Winter v. Natural Res. Def. Council, 555 U.S. 7, 129 S. Ct. 365 (2008).  He
3  "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable
4  harm in the absence of preliminary relief, that the balance of equities tips in his favor, and
5  that an injunction is in the public interest."  Id. at 20, 129 S. Ct. at 374.  We previously
6  concluded that plaintiff failed to state any valid claims in his complaint.  He submits no new
7  information in support of his motion.  He did not succeed on the merits and could not now
8  establish that success is likely.
9     Accordingly, **IT IS ORDERED DENYING** plaintiff's motion for order restraining
10 sale (doc. 67).
11    DATED this 27th day of April, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge