**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas E. Russell,        ) | No. CV 11-01463-PHX-FJM |
| Plaintiff,      ) | **ORDER** |
| vs.                ) | |
| OneWest Bank, FSB, et al.,   ) | |
| Defendants.     ) | |

We have before us defendants' motion for attorneys' fees (doc. 40), memorandum of points and authorities in support (doc. 46), plaintiff's opposition (doc. 57), and defendants' reply (doc. 62). Defendants OneWest Bank, FSB ("OneWest"), Deutsche Bank National Trust Company as Trustee for IndyMac INDX Mortgage Loan Trust 2006-AR31, and Merrill Lynch Mortgage Lending, Inc. (collectively, the "OneWest defendants") request $18,380.00 in attorneys' fees based on 69.10 hours of work at rates between $190 and $425 per hour.

**I**

Plaintiff refinanced his Cave Creek home in 2006 by borrowing $1,000,000 from Fairway Independent Mortgage Corp. The loan was secured by a deed of trust. The beneficial interest in the note and deed of trust were later assigned to OneWest. Plaintiff defaulted on his loan payments and a notice of trustee's sale was recorded.

Plaintiff's first amended complaint alleged quiet title against the OneWest defendants and breach of good faith and fair dealing, violation of A.R.S. § 33-420, and negligent

1 performance of an undertaking against OneWest. (Doc. 13). We granted defendants' motion
2 to dismiss on October 20, 2011. (Doc. 30). We denied plaintiff's motion for reconsideration
3 on November 15, 2011. (Doc. 34).

**II**

5 Defendants contend they are entitled to fees under the deed of trust, which provides
6 that "Lender shall be entitled to collect all expenses incurred in pursuing the remedies
7 provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs
8 of title evidence." (Doc. 1, ex. A at 47). Plaintiff claims that none of the moving defendants
9 is listed as lender on his deed of trust and therefore this provision does not apply. But
10 plaintiff repeatedly claimed elsewhere that defendants were in privity with the original
11 lender. He alleged that the OneWest defendants asserted an ownership interest in the deed
12 of trust. And the lender assigned the deed of trust to OneWest. (Doc. 1, ex. A at 150).
13 Plaintiff also claims that the fees requested were not incurred "in pursuing the remedies
14 provided" by section 22 of the deed of trust. But the actions of defendants were necessary
15 to pursue their foreclosure remedy. They are entitled to fees under the deed of trust. In the
16 alternative, even if privity were not sufficient, defendants would be entitled to fees under
17 A.R.S. § 12-341.01(A).

18 The deed of trust allows for recovery of "reasonable" fees. Defendants seek
19 $18,380.00 for a simple matter decided on a motion to dismiss. The hourly rate of $425 per
20 hour exceeds prevailing Phoenix rates for this kind of case and its reasonableness is not
21 supported by defendants' affidavit. We think 20 hours at $250.00 per hour would be
22 sufficient to get a non-meritorious complaint dismissed.

23 Therefore, **IT IS ORDERED GRANTING** defendants' motion for an award of
24 attorneys' fees in the amount of $5,000.00. (Doc. 40).

25 DATED this 21st day of May, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 2 -